Heirs of Dunning et al. *vs.* Stanton et al.

HEIRS OF DUNNING ET AL. *VS.* STANTON ET AL.

1. *Quere*—Whether publication, under our chancery practice, is necessary, where non-resident defendants are infants.

2. An order in chancery, made at the *second term* after the filing of the bill, reciting that publication was duly made, of an order of the previous term, requiring non-resident infant defendants to appear, answer, &c.—appointing a guardian, *ad litem*, taking the bill *pro confesso*, and referring it to the master to take and report an account to the *same term*,—was held to be irregular.

3. And a decree, rendered at the *same term*, confirming a report of the master, (made in obedience to such order,) and directing a sale of mortgaged property, without an answer or proof by the guardian, is erroneous; because the infant defendants are denied the benefit of a full defence.

Error to Mobile Circuit court, exercising chancery jurisdiction.

Bill to foreclose a mortgage.

The defendants in error filed their bill in equity, in the Circuit court of Mobile county, to foreclose the equity of redemption of the plaintiffs, to certain real estate conveyed to the defendants, by way of mortgage. A subpœna was issued, returnable to the first term of the court after the filing of the bill, which was executed on the administrator of Edward Dunning, and John F. Adams, one of the mortgagors, but as to the heirs of the intestate, there was no return.

At the same term of the court, an order was made, reciting that all the defendants below, were non-residents, and requiring them to plead, answer or demur, to the

9 P 65

complainants' bill, &c.—which order was directed to be published, &c.

At the next term, the following order was made in the cause : " This day came the complainants, by their solicitor, and produced to the court the printed advertisement, and the affidavit of the clerk, that publication had been duly made, in pursuance of a previous order of this court, against the defendants, who are non-residents— and B. B. Breeden, Esq. is appointed guardian *ad litem*, of the minor heirs of Edward Dunning, deceased. And defendants failing to appear and answer the allegations of the complainants, set forth in their bill, the same are taken as confessed ; and the mortgage and notes being produced and proved—it is considered by the court, that they be referred to the master, to take an account between the parties, and to report the same to this term of the court—and Mr Breeden comes into court, and accepts the guardianship."

The master, at the same term, made his report, showing the amount of principal and interest due on the mortgage—which was forthwith confirmed ; and a decree for the foreclosure of the equity of redemption, and sale of the mortgaged premises, rendered in usual *form.* To revise this decree, the defendants below have prosecuted a writ of error to this court, and insist that the same is erroneous, because it was rendered on the same day that the guardian *ad litem*, to the infant heirs of Edward Dunning, was appointed ; and that time was not given to the guardian, to answer the bill.

*Aikin*, for plaintiffs in error.
*Gibbons*, contra.

Heirs of Dunning et al. *vs.* Stanton et al.

COLLIER, C. J.—It may well be questioned, whether an order of publication, under our chancery practice, is necessary, where the non-resident defendants are infants. As an infant can only answer through his guardian, can he be said to be in default, for failing to appear and defend in person? But we will waive the consideration of this point, since it is not distinctly presented by the assignment of errors—(Mills vs. Dennis et al. Blake's Ch. Appendix, 125.)

A decree cannot be rendered against an infant, in a case affecting his interest in property, unless a guardian has been assigned to conduct his defence. In order to defend, an opportunity must be afforded to answer, and to take testimony, if desired. No laches are imputable to an infant, nor can the guardian *ad litem*, by any consent, bind his rights. A valid decree cannot be awarded against him *merely by default*, or upon such consent. The plaintiff must, in every case, prove his demand, either in court or before the master, and this proof is not properly admissible, till a guardian has been appointed, who may state his objections to it. It is the duty of a guardian, to make such an answer to the bill, as will throw the burthen of sustaining its allegations upon the plaintiff. If such answer is desired, we suppose the guardian would be subject to the usual process of chancery to compel it; yet, as under our practice, the legal effect of a decree *pro confesso* against the infant, would be, not to prejudice his rights, but to place the case in a condition that the plaintiff might take his testimony, and bring on the case for hearing, we can see no objection to it, unless it might indicate a faithlessness by the guardian, to the trust con-

Heirs of Dunning et al. *vs.* Stanton et al.

fided to him; but this objection, we apprehend, would not be very weighty, if, in other respects, the guardian manifested the proper vigilance over the interest of his charge.

If a decree *pro confesso* be allowable, it is clear, that it cannot be regularly rendered, until an opportunity has been afforded for an answer, and declined; nor can proof be made by the plaintiff, till an answer has been filed, or the bill taken *for confessed.*

The correct practice, where any of the defendants are infants, is, for the plaintiff, at the first term after filing his bill, to move the court to assign them a guardian, who should answer: then, either party may proceed to take testimony, and the cause be brought to hearing, in the regular course of procedure. We say, this would be the correct practice: whether there may not also be some other, that would be unobjectionable, we will not undertake to determine.

In the case before us, no time was afforded the guardian to answer. At the same instant of time that he was appointed, the bill was taken *pro confesso,* under an order of publication of the previous term—the mortgage and notes were produced and proved, and the matters of the bill referred to the master, to take and report an account to the court, at its then term; and then, as the order informs us, Mr. Breeden accepted the guardianship. For any thing appearing in the record, he may not have been in court, until the order of the court was complete, so that nothing was left for him to do, but to attend before the master, and to except to the report, if adverse to the infant, and unauthorised by the proof or the law.

Heirs of Dunning et al. *vs.* Stanton et al.

The court clearly should have appointed a guardian, before the cause was allowed to progress, or having appointed him, after the plaintiffs had taken measures to bring it to a hearing, the cause should have been then placed in a situation to allow of every exception to the bill, testimony, &c. that could have been made, had a guardian been assigned at the proper time.

Inasmuch, then, as the infant defendants had not an opportunity to make full defence, according to the forms of proceeding in such cases—the *decree* of the Circuit court must be reversed, and the cause remanded to the court of Chancery, at the costs of the defendants in error.